UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DDC LIMITED PARTNERSHIP,        )       CIVIL ACTION NO.
                                )       3:02CV01049 (PCD)
            Plaintiff,          )
                                )
vs.                             )
                                )
UNITED STATES OF AMERICA        )
(COMMISSIONER OF INTERNAL       )
REVENUE SERVICE),               )
                                )
            Defendant.          )

**UNITED STATES' SECTION C TRIAL PREPARATION ORDER COMPLIANCE**

1.    Attorney for DDC Limited Partnership:

      Kerry M. Wisser
      Weinstein & Wisser, P.C.
      29 South Main Street, Suite 207
      West Hartford, CT  06107
      Telephone (860) 561-2628

      Attorneys for the United States:

      Karen Wozniak
      U.S. Department of Justice
      Tax Division
      P.O. Box 55
      Washington, D.C.  20044-0055
      Telephone: (202)307-1927

      Bonni Perlin
      U.S. Department of Justice
      Tax Division
      P.O. Box 55
      Washington, D.C.  20044-0055
      Telephone: (202)307-0834

      The United States has filed a request for permission for John Aletta of the Internal
      Revenue Service Office of Chief Counsel to be present at defense counsel's table.

- 1 -

2.    This is a court case.

3.    The United States estimates that presentation of its case will take approximately four days.  A better estimate can be made after counsel for the United States learns the extent to which the plaintiff consents to the proposed stipulated facts.

4.    The parties do not agree to have the case tried by United States Magistrate Judge Joan G. Margolis, and, thereupon enter final judgment.

5.    Proceedings prior to trial: The United States is not aware of any further proceedings necessary before trial.

6.    Settlement:  The parties have engaged in settlement negotiations and are continuing to explore the possibility of settlement.  On October 29, 2003, counsel for DDC Limited Partnership alerted counsel for the United States to a new issue affecting settlement negotiations.  This issue needs to be considered further before it can be determined whether a settlement assisted by a settlement conference is reasonably likely.

## RESPONSE TO SECTION A

**A1.    Claims of Fact Proposed For Stipulation As Undisputed**

1.    Gary L. Pierce is the husband of Mary Catherine Pierce and the father of Derek S. Pierce.

Response: Agreed.

2.    Gary L. Pierce was the sole shareholder of Mary Catherine Development Co. which was involved in the development of real estate for residential subdivisions.

Response: Agreed.

3.    Gary L. Pierce was also involved in a company called Derekseth which constructed single-family homes.

Response:  The United States is unwilling to stipulate to this statement as it is written as the term

"involvement" suggests less than full ownership and control of the corporation.  The United

States is willing to stipulate that Gary L. Pierce was the sole owner and President of Derekseth

Corporation.   See Gary L. Pierce v. Comm'r, 74 T.C.M. (CCH) 572, 574 (1997) (regarding

ownership) and Gary Pierce's Testimony (regarding position as President). If necessary, the

United States will present evidence via the above-referenced Tax Court Memorandum, tax

returns, and the testimony of Gary Pierce, Mary Pierce and an Internal Revenue Service

representative that Gary Pierce was the sole owner and President of Derekseth Corporation. The

United States is also willing to stipulate that from 1972 to 1986 Derekseth Corporation was in

the business of land development and the construction and sale of homes and that after 1986

Derekseth Corp. was in the business of home construction. See Gary L. Pierce v. Comm'r, 74

T.C.M. (CCH) 572, 574 (1997).

4.    Sometime in the late 1980's Gary L. Pierce sought the advice and consultation of an
accounting firm (Bobrow & Bobrow) in regard to tax matters.

Response: Agreed.

5.    Bobrow & Bobrow opined and prepared tax returns which provided that Gary L. Pierce's
corporation could write down raw land, which methodology resulted in substantial tax refunds
for Gary Pierce and his related companies.

Response: The United States disagrees with this statement. The United States is willing to

stipulate the following: Bobrow & Bobrow, C.P.A.'s prepared the 1989 and 1990 Forms 1120S

for Mary Catherine Development Company. Upon the advice of Bobrow & Bobrow, Mary

Catherine Development wrote down 869 acres of land in East Granby, Connecticut, known as the

Ridge, to its fair market value on its 1989 Form 1120S and wrote down 140 acres of land in

Glastonbury, Connecticut, known as Minnechaug, to its fair market value on its 1990 Form

1120S. The 1989 writedown of the Ridge resulted in a loss to Mary Catherine Development that

flowed through to Gary Pierce, as the sole shareholder of the S corporation, and was claimed by

Gary and Mary Pierce as a loss that they deducted on their 1989 Federal income tax return. The

1990 writedown of Minnechaug resulted in a loss to Mary Catherine Development that flowed

through to Gary Pierce, as the sole shareholder of the S corporation, and Gary and Mary Pierce

claimed a loss on their 1990 Federal income tax return.  In connection with the flow-through

losses generated by the writedowns, Gary and Mary Pierce filed an Application for Tentative

Refund for 1989 claiming NOL carrybacks to the years 1986 and 1987 and an Application for

Tentative Refund for 1990 claiming NOL carrybacks to the years 1987 and 1988.  Also in

connection with the flow-through losses generated by the writedowns, Gary Pierce filed an

Application for Tentative Refund for 1991 claiming an NOL carryback to 1988.  The flow-

through losses claimed on Gary and Mary Pierce's 1989 and 1990 Forms 1040 and Gary Pierce's

1991 Form 1040 in connection with the writedowns resulted in substantial refunds to Gary and

Mary Pierce.  As an S corporation, Mary Catherine Development does not pay income taxes and

did not receive any refunds as a result of the losses it claimed on its 1989 and 1990 Forms 1120S

in connection with the writedowns.  None of Gary Pierce's other companies received refunds as a

result of the 1989 and 1990 writedowns either.  See Gary L. Pierce v. Comm'r, 74 T.C.M. (CCH)

572 (1997).  If necessary, the United States will present evidence, via the testimony of Internal

Revenue Service Revenue Officer James Morey, that neither Mary Catherine Development nor

any of Mr. Pierce's other companies received any refunds as a result of the writedowns.

6.       In the early 1990's the government contested the write down of real estate and the tax
returns that had been filed on behalf of the Pierces.

Response:  The United States disagrees with this statement.  The United States is willing to

stipulate that after an audit initiated by the Internal Revenue Service in 1992, the Internal

Revenue Service disallowed Mary Catherine Development's writedowns for 1989 and 1990

resulting in the adjustments to Gary and Mary Pierce's net operating loss carrybacks from 1989

to 1986 and 1987 in the amounts of $222,859 and $1,311,418, respectively, and from 1990 to

1987 and 1988 in the amounts of $151,729 and $907,516, respectively, and to Gary Pierce's net

operating loss carryback from 1991 to 1988 in the amount of $1,038,814. The 1989 and 1990

Forms 1040 for Gary and Mary Pierce were filed by them not on their behalf and the 1991 Form

1040 for Gary Pierce was filed by him not on his behalf. See 1989 and 1990 Forms 1040 for

Gary and Mary Pierce; 1991 Form 1040 for Gary Pierce.

7.      The government took the position that there were substantial taxes due and owing from
the Pierces as a result of the wrongful deductions, which deductions had been included in the tax
returns based on the advice of, and under the direction of and in consultation with, Bobrow &
Bobrow.

Response: The United States is unwilling to stipulate to this statement as it is written. In its

response to paragraph A1-5, United States agreed to stipulate that upon the advice of Bobrow &

Bobrow, Mary Catherine Development wrote the Ridge, to its fair market value on its 1989 Form

1120S and wrote down Minnechaug, to its fair market value on its 1990 Form 1120S. The

United States is willing to further stipulate that as a result of the Internal Revenue Service's

disallowance of the of Mary Catherine Development's writedowns on its 1989 and 1990 Forms

1120S, it determined deficiencies against Gary and Mary Pierce in the amount of $1,245,575 for

the 1984 and 1986 through 1989 income tax periods and it determined a deficiency against Gary

Pierce in the amount of $444,040 for the 1991 income tax period. See Notice of Deficiency

dated January 10, 1994, addressed to Gary and Mary Pierce; Notice of Deficiency dated January

10, 1994, addressed to Gary Pierce. Notices of these deficiencies were issued to the Pierces and

Mr. Pierce, respectively, on January 10, 1994. See id. The United States believes that the

plaintiff will agree to this revision but reserves the right to present evidence supporting its

statements in response to A1-7 if an agreement cannot be reached.

8.    A Tax Court case was pursued challenging the government's position which eventually
resulted in the court sustaining the position of the government disallowing the deductions, with a
finding that the taxpayer had relied on the advice and consultation of the accountants and hence
certain penalties were not imposed upon the Pierces in connection with the tax matters.

Response: Agreed.


9.    The Pierces and their corporation brought an action against the accounting firm of
Bobrow & Bobrow for accounting malpractice.

Response: The United States disagrees with this statement.  The United States is willing to

stipulate that on December 22, 1993, Mary Catherine Development, Gary Pierce and Mary Pierce

filed a complaint in the Connecticut Superior Court for the District of Hartford against Alec R.

Bobrow, David S. Bobrow, Alan J. Nathan, and Ronald Mamrosh, the Bobrow accountants who

prepared Mary Catherine Development's and the Pierces' 1989 and 1990 federal income tax

returns, for breach of contract and negligence in the preparation of the returns.  Mary Catherine

Development was not, however, the Pierces' corporation.  Gary Pierce was the sole shareholder

of Mary Catherine Development.  See Gary L. Pierce v. Comm'r, 74 T.C.M. (CCH) 572 (1997);

Testimony of Gary Pierce.  If necessary, the United States will present evidence, via the

testimony of Gary Pierce and Mary Pierce, that Gary Pierce was the sole owner of Mary

Catherine Development.

10.    In 1992, DDC was formed under the laws of the State of Connecticut, as a limited
partnership, the general partners of which was [sic] Derek S. Pierce and David H. Weeks, and the
limited partner was Mary Catherine Pierce.

- 6 -

Response: The United States disagrees with this statement. DDC Limited Partnership was ostensibly formed under the laws of the State of Connecticut in 1992. The United States is willing to stipulate that the Certificate of Limited Partnership of DDC Limited Partnership filed with the Secretary of State of the State of Connecticut on November 27, 1992, lists Derek Pierce and David H. Weeks as general partners and that DDC Limited Partnership's 1993 Form 1065, U.S. Partnership Return of Income, lists Mary C. Pierce as a limited partner. The United States will present evidence that Derek Pierce, David Weeks and Mary Pierce were partners in name only, that DDC Limited Partnership was a partnership in name only, and that in reality DDC Limited Partnership was created as a vehicle to shield Gary Pierce's assets, including significant cash assets, from his creditors and is controlled entirely by Gary Pierce. This evidence will be presented via the testimony of Gary Pierce, Mary Pierce, C. David Weeks, Judith Patnaude, James Morey, Howard Smith, John Wall, Frank Louis, Richard Weinstein, Steven Miller, Lawrence Marziale, Douglas Pike and Michael Wagner and the following exhibits: the tax returns of MCU Financial Corporation, DDC Limited Partnership, Seth Co., Inc., Deanne Lynn Realty, Mary Catherine Pierce, and Gary and Mary Pierce; checks from the checking accounts of MCU Financial Corporation, CDW, Inc., DDC Limited Partnership, and Seth Co., Inc.; deeds with respect to 9 Deanne Lynn Circle, Windsor, Connecticut; deeds with respect to 2643 Day Hill Road, Windsor, Connecticut; purchase agreement with respect to sale of real property located at 2643 Day Hill Road, Windsor, Connecticut in 2000; Settlement Statement with respect to the sale of real property located at 2643 Day Hill Road, Windsor, Connecticut in 2000; deed with respect to 5 Amanda Drive, Manchester, Connecticut; MCU Financial Corporation corporate records; letter from John A. Wall of Wall, McCormack Robinson, P.C. to Mary and

- 7 -

Gary Pierce dated October 20, 1993, regarding estate planning; letter from Frank Louis of

Andros, Floyd & Miller, P.C. to Appeals Officer Vincent D'Avirro, Internal Revenue Service

Appeals Office, dated March 10, 2000; Adjusting Journal Entries DDC Limited Partnership

12/31/98; facsimile from Gary Pierce to Larry Marziale dated 6/22/01; Dennis Riendeau Quality

Painting Service Invoice; Lawlor Landscaping Invoice; Kostin, Ruffkess & Company Invoice

dated November 5, 1999; check register for DDC Limited Partnership's Charles Schwab account;

cover letter dated October 9, 1999, from Howard A. Jubrey, Jr. of Appraisal Associates, Inc. to

Gary Pierce; Wall McCormack Robinson, P.C.'s September 8, 2000 Billing Statement; letter

dated February 24, 2001, addressed to MCU Financial Corporation, Gary Pierce, from State of

Connecticut, Department of Revenue Services; facsimile from Gary Pierce to Larry Marziale

dated 11/09/00; Simscroft-Echo Farms, Inc. Original Note; Summons and Complaint, Simscroft-

Echo Farms, Inc. v. Mary Catherine Development Company and Gary L. Pierce, Docket No. CV-

97-0572171-S in the Superior Court of the State of Connecticut, Judicial District of Hartford-

New Britain at Hartford; Amendment to Memorandum of Decision, filed September 10, 1998,

and Memorandum of Decision, filed August 3, 1998, with respect to Simscroft-Echo Farms, Inc.;

Settlement Agreement and Release between Simscroft-Echo Farms, Inc. and Mary Catherine

Development and Gary Pierce; Affidavit of Debt with respect to Federal Deposit Insurance

Corporation as Receiver for Suffield Bank v. Mary Catherine Development, et al. dated

September 12, 1997; Tax Court Decision entered November 14, 1997, with respect to Gary and

Mary Pierce v. Commissioner of Internal Revenue; Notice of Trial dated December 2, 1994, with

Respect to Gary L. Pierce, et al. v. Commissioner of Internal Revenue; transcripts of Internal

Revenue Service accounts with respect to Gary Pierce's income tax liabilities.

- 8 -

11.    From its creation in November of 1992 until present, the membership of said limited partnership has remained the same.

Response: The United States disagrees with this statement.  The United States is willing to

stipulate that DDC Limited Partnership's 1993 through 2001 Forms 1065 list Derek S. Pierce and

C. David Weeks as general partners and list Mary C. Pierce as a limited partner.  The United

States will also stipulate that the social security number listed for C. David Weeks on DDC

Limited Partnership's tax returns is that of David H. Weeks.  A purchase agreement dated

February 29, 2002, between DDC Limited Partnership and James E. Trzcinski and Renee M.

Trzcinski with respect to the real property located at 2643 Day Hill Road, Windsor, Connecticut,

is signed by Gary Pierce as DDC Limited Partnership's "General Partner."  As noted in the

response to paragraph A1-10, the United States will present evidence that Derek Pierce, David

Weeks and Mary Pierce were partners in name only, that DDC Limited Partnership was a

partnership in name only, and that in reality DDC Limited Partnership was created as a vehicle to

shield Gary Pierce's assets from his creditors and is controlled entirely by Gary Pierce.  See

Evidence listed in response to ¶A1-10.

12.    At no time has Gary Pierce ever held any membership interest in said limited partnership.

Response: The United States disagrees with this statement.  A purchase agreement dated

February 29, 2002, between DDC Limited Partnership and James E. Trzcinski and Renee M.

Trzcinski with respect to the real property located at 2643 Day Hill Road, Windsor, Connecticut,

is signed by Gary Pierce as DDC Limited Partnership's "General Partner."  Once again, as noted

in the response to paragraph A1-10, the United States will present evidence that Derek Pierce,

David Weeks and Mary Pierce were partners in name only, that DDC Limited Partnership was a

partnership in name only, and that in reality DDC Limited Partnership was created as a vehicle to shield Gary Pierce's assets from his creditors and is controlled entirely by Gary Pierce. See Evidence listed in response to ¶A1-10.

13.    Said limited partnership was established as a lending vehicle and has over the years been the primary source of private funds for Seth Co., which is in the business of developing and building residential homes and is owned 100% by Derek S. Pierce, son of Mary Catherine Pierce.

Response: The United States disagrees with this statement as it is written. The United States is the willing to stipulate to the following: (1) Seth Co., Inc. is in the business of developing and building residential homes; (2) Derek S. Pierce has been the sole shareholder of record since Seth Co., Inc.'s incorporation to the present; and (3) DDC Limited Partnership's 1997 through 2001 income tax returns list notes receivable from Seth Co., Inc. The United States will present evidence that Gary Pierce presented himself as the owner of Seth Co., Inc. to the Savings Bank of Manchester and the Savings of Manchester regarded Gary Pierce as the owner of Seth Co., Inc. via the testimony of Robert Francolini of the Savings Bank of Manchester and the following exhibits: Loan Authorization from the Savings Bank of Manchester dated January 15, 1998, regarding a providing a site development loan for $1,095,119; Loan Authorization from the Savings Bank of Manchester dated February 26, 1998, regarding a $60,800 loan; Amendment to Loan Authorization from the Savings Bank of Manchester dated May 13, 1999; Excerpt from Minutes of May 18, 1999 Executive Committee Meeting from Savings Bank of Manchester; Savings Bank of Manchester Loan Authorization dated February 24, 2000, with respect to a construction line of credit for $400,000 for Seth Co., Inc. and Letter dated December 1, 1997, from Gary Pierce to Robert Francolini. As indicated above, the United States will also present

evidence that Gary Pierce established and used DDC Limited Partnership as a vehicle for shielding his assets from creditors. See Evidence listed in response to ¶A1-10.

14.   Every year since its inception, DDC Limited Partnership has filed appropriate tax returns.

Response: The United States disagrees with this statement as it is written. The United States is willing to stipulate that DDC Limited Partnership filed federal income tax returns for the 1993 and the 1995 through 1999 income tax periods.

15.   The government has claimed that DDC is the alter ego, nominee or transferee of assets of Gary L. Pierce and that as such the assets of DDC are subject to tax, levies and liens as a result of the taxes due and owing from Gary L. Pierce.

Response: The United States disagrees with this statement as it is written. The United States is willing to stipulate that the government has claimed that DDC Limited Partnership is the alter ego, nominee or transferee of Gary Pierce, that DDC Limited Partnership holds property as the alter ego, nominee or transferee of Gary Pierce and that such property is subject to the collection of Gary Pierce's income tax liabilities via levies and liens.  The United States believes that the plaintiff will accept this revision.


16.   The government has proceeded to file claims against DDC to that effect.

Response: The United States disagrees with this statement.  The United States is willing to stipulate that on May 24, 2001, the Internal Revenue Service filed notices of federal tax lien against DDC Limited Partnership as a nominee/alter-ego/transferee of Gary L. Pierce at the land records offices for the Towns of Manchester, Windsor, Glastonbury and East Granby and the Connecticut Secretary of State's Office.  To date, the Internal Revenue Service has not issued any levies naming DDC Limited Partnership as a nominee, alter ego or transferee of Gary Pierce.

During a telephone conversation with undersigned counsel for the United States on October 29,

2003, DDC Limited Partnership's representative Richard Weinstein verified that the Internal

Revenue Service has not served any levies naming DDC Limited Partnership as a nominee, alter

ego or transferee of Gary Pierce.

## A2.    Proposed Findings of Fact

1.      DDC Limited Partnership is a duly formed Connecticut limited partnership existing under
the laws of the State of Connecticut. See limited partnership documents.

Response: Disagreed.  DDC Limited Partnership is an ostensibly formed Connecticut limited

partnership ostensibly existing under the laws of the State of Connecticut.  However, as noted

above, the United States will present evidence that in reality Derek Pierce, David Weeks and

Mary Pierce were partners in name only, that DDC Limited Partnership was a partnership in

name only, and that in reality DDC Limited Partnership was created as a vehicle to shield Gary

Pierce's assets from his creditors and is controlled entirely by Gary Pierce. See Evidence listed

in response to ¶A1-10.

2.      The sole members of said limited partnership are Derek S. Pierce, David H. Weeks and
Mary Catherine Pierce as limited partner. See limited partnership documents.

Response: Disagreed.  As previously noted, a purchase agreement dated February 29, 2002,

between DDC Limited Partnership and James E. Trzcinski and Renee M. Trzcinski with respect

to the real property located at 2643 Day Hill Road, Windsor, Connecticut, is signed by Gary

Pierce as DDC Limited Partnership's "General Partner."  As repeatedly noted, the United States

will present evidence that Derek Pierce, David Weeks and Mary Pierce were partners in name

only, that DDC Limited Partnership was a partnership in name only, and that in reality DDC

Limited Partnership was created as a vehicle to shield Gary Pierce's assets from his creditors and

is controlled entirely by Gary Pierce. See Evidence listed in response to ¶A1-10.

3.     At all times since its formation, DDC Limited Partnership has always maintained its
separate existence and has filed appropriate tax returns. See Limited Partnership Tax Returns.

Response: Disagreed.  The United States is willing to stipulate that the DDC Limited Partnership

filed Forms 1065, U.S. Partnership Return of Income, for the 1993 and the 1995 through 1999

tax periods.  The United States will present evidence that the capital contributions and loans from

the limited partner that are listed on the returns actually constituted money transferred by Gary

Pierce to DDC Limited Partnership.  In addition, the United States will present evidence that

DDC Limited Partnership never maintained a separate existence.  Rather, DDC Limited

Partnership has always been controlled and used by Gary Pierce as a vehicle to shield his assets

from his creditors. See Evidence listed in response to ¶A1-10.

4.     DDC owns considerable assets that are claimed by the government by virtue of efforts the
government has taken to collect same. See IRS levies and/or liens.

Response: The United States disagrees with this statement as it is presently worded.  The United

States is willing to stipulate to the following: DDC Limited Partnership has record title to real

property located at 9 Deanne Lynn Circle, Windsor, Connecticut, and 5 Amanda Drive,

Manchester, Connecticut, and is listed as an unsecured creditor with a $1,385,641.00 claim on

the schedules attached to Seth Co., Inc.'s petition for bankruptcy.  The United States claims that

these assets are subject to collection of Gary Pierce's income tax liabilities on the basis that DDC

Limited Partnership is the nominee, alter ego, or transferee of Gary Pierce.  On May 24, 2001, the

Internal Revenue Service filed notices of federal tax lien against DDC Limited Partnership as a

nominee/alter ego/transferee of Gary L. Pierce at the land records offices for the Towns of

Manchester, Windsor, Glastonbury and East Granby and the Connecticut Secretary of State's

Office. To date, the Internal Revenue Service has not issued any levies naming DDC Limited

Partnership as a nominee, alter ego or transferee of Gary Pierce. During a telephone conversation

with undersigned counsel for the United States on October 29, 2003, DDC Limited Partnership's

representative Richard Weinstein verified that the Internal Revenue Service has not served any

levies naming DDC Limited Partnership as a nominee, alter ego or transferee of Gary Pierce.

5.    To the extent that Gary L. Pierce acted on behalf of DDC at any time, he was fulfilling his
role as an agent acting at all times in the best interest of DDC and fulfilling the roles requested of
him by his son, Derek Pierce in regard to said DDC.

Response: Disagreed. The United States will present evidence that at all times DDC Limited

Partnership was controlled and used by Gary Pierce as a vehicle to shield his assets from his

creditors and to further his business endeavors. See Evidence listed in response to ¶A1-10.

6.    David Weeks was the owner of a major lumberyard which supplied materials to Seth Co.
related jobs, and he had a financial interest in seeing to the continued viability of Seth Co. See
Testimony of Gary L. Pierce, Derek S. Pierce and David Weeks.

Response: The United States agrees that David Weeks was the owner of a major lumberyard

which supplied materials to Seth Co., Inc. related jobs. The United States does not have any

knowledge of Mr. Weeks' financial interest in seeing to the continued viability of Seth Co.

7.    There was significant trust between members of the Pierce family, including Gary, Derek
and Mary Catherine Pierce, who had worked together for many years in real estate development
and construction whereby Mary Catherine who was the primary owner of the beneficial interest
in DDC Limited Partnership certainly trusted her husband and son to invest the assets of DDC
wisely and prudently. See Testimony of Gary L. Pierce and Derek S. Pierce.

Response: The United States has no knowledge of the significant trust between members of the

Pierce family, including Mary's trust that her husband and son would invest the assets of DDC

Limited Partnership wisely and prudently or the relevance of this proposed fact to the case. It is unclear at this time whether countering evidence will be necessary on this issue. The United States reserves the right to present countering evidence if necessary. The United States disagrees that Gary, Derek, and Mary worked for many years in real estate development and construction. The United States will present evidence that Mary Pierce and Derek Pierce were partners of DDC Limited Partnership in name only, that Mary was an owner of a beneficial interest in the partnership in name only, and that Mary's only involvement in DDC Limited Partnership was letting her name be used in connection with it. See Evidence listed in the response to ¶ A1-10. The United States is willing to stipulate to the following: Gary Pierce has been in the residential real estate development and construction business since 1972. Derek Pierce has worked for Seth Co., Inc. from 1993 through 1995, part of 1996 and 1997 and from 1998 through the present.

8.      Derek Pierce acted for his mother in regard to the affairs of DDC and relied heavily on his father, Gary Pierce in regard to the business affairs of said DDC. However, DDC's business activities were limited in nature because it merely served the role as lender and hence largely its business was merely bookkeeping providing funds to and on behalf of Seth Co., and receiving payments from directly or indirectly Seth Co. See Testimony of Gary L. Pierce and Derek S. Pierce.

Response: Disagreed. As noted numerous times, the United States will present evidence that Derek Pierce and Mary Pierce were partners in name only, that DDC Limited Partnership was a partnership in name only, and that Gary Pierce used and controlled DDC Limited Partnership as a vehicle to shield his assets from his creditors and further his business endeavors. See Evidence listed in the response to ¶ A1-10.

9.      Gary Pierce has never utilized the assets of DDC for his personal benefit. See Testimony of Gary L. Pierce.

Response: Disagreed. The United States will present evidence that the assets of DDC Limited Partnership were Gary Pierce's assets, that he regarded the assets of DDC Limited Partnership as his own, and used them for his personal benefit. See Evidence listed in the response to ¶ A1-10.

10.    Gary L. Pierce has never received compensation from DDC. See Testimony of Gary L. Pierce.

Response: Disagreed. The United States is willing to stipulate that line nine, "salaries and wages (other than to partners)," on each of DDC Limited Partnership's income tax returns does not report any salaries or wages. The United States will present evidence that DDC Limited Partnership existed for Gary Pierce's benefit and provided significant benefits to him. He continued to use all of the assets transferred to DDC Limited Partnership in the same manner in which he used them prior to the transfer. In addition, the Pierce household received over six hundred thousand dollars in the form of alleged interest payments to Mary Pierce by DDC Limited Partnership. See Evidence listed in response to ¶ A1-10.

11.    Mary Catherine Pierce and Derek Pierce relied on the accountants and the internal bookkeeper to keep records in regard to the funds that were advanced to Seth Co. by DDC and the repayment of those funds, on account of which the tax returns were filed. See Testimony of Derek Pierce and Gary Pierce.

Response: Disagreed. Once again, the United States will present evidence that Derek Pierce and Mary Pierce were partners in name only and that DDC Limited Partnership was controlled entirely by Gary Pierce. From June of 2000 to present, Gary Pierce has done DDC Limited Partnership's bookkeeping and all previous bookkeepers and accountants were under Gary Pierce's control. See Evidence listed in response to ¶A1-10. To the extent that "accountants" refer to Kostin, Ruffkess & Company, LLC, Seth Co., Inc. employees, including Gary Pierce,

provided the accountants with information regarding the purported loans and transfers involving

DDC Limited Partnership.  See Testimony of Lawrence Marziale.

**A3.    Claims of Law**

1.    The underlying tax delinquencies at issue here are those of Gary Pierce.  It is not disputed that Gary Pierce owes substantial amounts of federal taxes.

Response: Agreed.

2.    It is also undisputed that the levies here are against the property of the plaintiff, who is not the delinquent taxpayer.  Under such circumstances, it is the burden of the United States to establish a nexus between the taxpayer who owes the delinquent assessment (Gary Pierce) and the property of the plaintiff (DDC) that is subject to the challenged levies.  See, e.g., Morris v. United States, 813 F.2d 343, 345 (11th Cir. 1987); Flores v. United States, 551 F.2d 1169, 1175 (9th Cir. 1977).

Response: To date, the Internal Revenue Service has not issued any levies naming DDC Limited

Partnership as a nominee, alter ego or transferee of Gary Pierce.  As noted above, DDC Limited

Partnership's representative Richard Weinstein has verified that the Internal Revenue Service has

not served any levies naming DDC Limited Partnership as a nominee, alter ego or transferee of

Gary Pierce.

3.    The government claims to have established that nexus by arguing that the plaintiff is the alter ego or nominee of Gary Pierce and/or that property of Gary Pierce was conveyed to the plaintiff as a result of fraudulent transfers or transactions that were otherwise shams and without economic justification.  The evidence, however, supports findings of fact that are not consistent with the government's claim.

Response: To the extent that this claim of law relates to levies it does not require response as no

levies have been filed.  As outlined below in the United States' responses to paragraphs A3-4 and 5,

the evidence supports the United States' claim that DDC Limited Partnership is a nominee, alter

ego, or transferee of Gary Pierce.

- 17 -

4.     Based on the evidence, it should be concluded that the plaintiff limited partnership is not the alter ego or nominee of Gary Pierce; instead, the integrity and separate identity of DDC and Gary Pierce was maintained at all times.

Response: The plaintiff does not cite any authority for its claim of law in paragraph A3-4 as required by the Trial Preparation Order. The United States disagrees with the claims made on the following basis and authority:

DDC Limited Partnership's assets are subject to collection of Gary Pierce's income tax liabilities because DDC Limited Partnership is an alter ego or nominee of Gary Pierce. See G.M. Leasing Corp. v. United States, 429 U.S. 338 (1977); LiButti v. United States, 107 F.3d 110, 119 (2d Cir. 1997); Shades Ridge Holding Company, Inc. v. United States 888 F.2d 725 (11th Cir. 1989); Nantucket Village Dev. Co., v. United States, 87 A.F.T.R.2d 2001-743 (N.D. Ohio 2001).

DDC Limited Partnership is an alter ego of Gary Pierce under federal law because (1) with respect to Gary Pierce's transfer of assets to DDC Limited Partnership, his transfer of assets between DDC Limited Partnership and entities owned by his family members, his use of DDC Limited Partnership to channel money to himself, his wife and companies owned by him, his use of DDC Limited Partnership to pay personal expenses for himself and his wife, his use of DDC Limited Partnership to pay the expenses of entities owned by family members, and his use of DDC Limited Partnership to purchase trade properties of Seth Co., Inc.'s customers, DDC Limited Partnership was a mere instrumentality of Gary Pierce; (2) Gary Pierce's control over DDC Limited Partnership was used to avoid personal liabilities and liabilities of entities owned by him and (3) such control was the proximate cause of the Internal Revenue Service's inability to collect the income tax liabilities of Gary Pierce for 1984, 1986 through 1989 and 1991. See e.g. Avco Delta

- 18 -

Corp. Canada Ltd. v. United States, 540 F.2d 258 (7th Cir. 1976); LiButti, 107 F.3d 110; WM.

Passalacqua Builders, Inc. v. Resnick Developers, Inc., 933 F.2d 131, 139 (2d Cir. 1991).

Applying Connecticut law, DDC Limited Partnership is Gary Pierce's alter ego because (1)

with respect to Gary Pierce's transfer of assets to DDC Limited Partnership, his transfer of assets

between DDC Limited Partnership and entities owned by his family members, his use of DDC

Limited Partnership to channel money to himself, his wife and companies owned by him, his use of

DDC Limited Partnership to pay personal expenses for himself and his wife, his use of DDC

Limited Partnership to pay the expenses of entities owned by family members, and his use of DDC

Limited Partnership to purchase trade properties of Seth Co., Inc.'s customers, he exercised

complete domination of DDC Limited Partnership in disregard of its existence as a separate entity;

(2) that control over DDC Limited Partnership was used to avoid personal liabilities and liabilities

of entities owned by him and (3) such control was the proximate cause of the Internal Revenue

Service's inability to collect the income tax liabilities of Gary Pierce for 1984, 1986 through 1989

and 1991. See Campisano v. Nardi, 212 Conn. 282 (1989); Tomasso v. Armor, 187 Conn. 544

(1982); Saphir v. Neustadt, 177 Conn. 191 (1979); Zaist v. Olson, 154 Conn. 563 (1967); Litchfield

Asset Mgmt. Corp. v. Howell, 70 Conn.App. 133 (2002).

5.    Based on the evidence, it should also be concluded that Gary Pierce did not fraudulently
transfer any of his property to the plaintiff in order to defraud creditors, or otherwise engage in any
sham transaction [*sic*] that was without business justification and motivated solely by tax avoidance
considerations.

Response: The plaintiff does not cite any authority for its claim of law in paragraph A3-5 as

required by the Trial Preparation Order. The United States disagrees with the claims made on the

following basis and authority:

Gary Pierce's transfers of assets to DDC Limited Partnership were fraudulent as to the United States because the United States' claim against Gary Pierce for income tax liabilities arose before the transfers, Gary Pierce did not receive a reasonably equivalent value in exchange for the transfers and Gary Pierce was insolvent at the time of the transfers. See CONN. GEN. STAT. ANN. §§ 52-552f(a).

Gary Pierce's transfers of assets to DDC Limited Partnership were fraudulent as to the United States because the United States' claim arose before the transfers and the transfers were made with the actual intent to hinder, delay or defraud a creditor of Gary Pierce. See CONN. GEN. STAT. ANN. §§ 52-552e(a).

Gary Pierce's transfers of assets to DDC Limited Partnership were also fraudulent as to his debt to the United States under the Federal Debt Collection Act. See Federal Debt Collection Act, Fraudulent Transfers Involving Debts, 28 U.S.C. § 3301, *et seq.*

6.       Accordingly, the plaintiff is entitled to a declaratory judgment that it is not the alter ego, nominee or transferee of Gary Pierce and that, pursuant to 26 U.S.C. § 7426, the levies and/or liens of the United States against DDC are wrongful and therefore are null and void.

Response: Based on the law outlined in the United States' responses to paragraphs A3-4 and 5, the Court should hold that DDC Limited Partnership is the nominee, alter ego or transferee of Gary Pierce.

**A4.    Proposed Exhibits**

To the extent that exhibits identified in the Seth Co. matter are deemed to be exhibits which relate to facts directly or indirectly in regard to the DDC matter, then those exhibits are incorporated by reference.

| 1 | 11-13-92 | Limited Partnership Agreement of DDK (mistake, in that it was meant to be DDC) |
| 2 | 11-13-92 | Certificate of Limited Partnership of DDC Limited Partnership |
| 3 | 4-27-99 | Concord Display Business Summary, Address and Agent of DDC Limited Partnership |
| 4 | 6-1-98 - 6-1-01 | Minutes of Annual Meeting of General Partners |
| 5 | 1993 | U.S. Income Tax Return for DDC Limited Partnership |
| 6 | 1994 | U.S. Income Tax Return for DDC Limited Partnership |
| 7 | 1995 | U.S. Income Tax Return for DDC Limited Partnership |
| 8 | 1996 | U.S. Income Tax Return for DDC Limited Partnership |
| 9 | 1997 | U.S. Income Tax Return for DDC Limited Partnership |
| 10 | 1998 | U.S. Income Tax Return for DDC Limited Partnership |
| 11 | 1999 | U.S. Income Tax Return for DDC Limited Partnership |
| 12 | 2000 | U.S. Income Tax Return for DDC Limited Partnership |
| 13 | 5-24-01 | Notice of Federal Tax Lien filed Town Clerk, Town of Manchester |
| 14 | 5-24-01 | Notice of Federal Tax Lien filed Town Clerk, Town of Glastonbury |
| 15 | 5-24-01 | Notice of Federal Tax Lien filed Town Clerk, Town of East Granby |
| 16 | 5-24-01 | Notice of Federal Tax Lien filed Town Clerk, Town of Windsor |
| 17 | 5-24-01 | Notice of Federal Tax Lien filed State of Connecticut, Secretary of States Office |

| 18 | 6-18-01 | Notice of Levy to Savings Bank of Manchester |
| 19 | 6-18-01 | Notice of Levy to Charles Schwab & Company, Inc. |
| 20 | 6-22-01 | Request for Release of Levy, with attachments, from Attorney John A. Wall to the Internal Revenue Service |

Response: In the event that Exhibit 3 was never disclosed or produced to the United States as required by Federal Rules of Civil Procedure 26(a) and/or the United States' request for production of documents, the United States will object to its admission. The United States does not object to the admission of Exhibits 18 through 20 in the consolidated trial of Seth Co., Inc. and DDC Limited Partnership, but notes that they pertain to levies served with respect to Seth Co., Inc. not DDC Limited Partnership.

## A5.    List of Witnesses

1,2.    Gary L. Pierce and Derek S. Pierce will each testify about the facts and circumstances surrounding the relationship of DDC to Seth Co., Inc., the formation of DDC, the funding of DDC, and the extension of credit from DDC to Seth Co., and repayments by Seth Co.

3.    Lawrence Marziale, an accountant from Kostin Ruffkess, will testify in regard to the filing of tax returns, the maintenance of accounts to evidence the debits and credits by and between DDC and Seth Co.

4.    Attorney Steven Miller will testify in regard to the establishment of said limited partnership and the fact that it was maintained as a separate, distinct Connecticut limited partnership.

Response 1-4:  No response is required as the plaintiff has not listed any expert witnesses.

## A6.    Disputed Evidence

At the present time, the plaintiff is not aware of any disputes in regard to the admissibility of evidence.  However, because the plaintiff has not seen what the government is proposing to rely on in its proof, this issue may need to remain open.

Response:  No response is required as the plaintiff has not identified any disputed evidence.

**C7.    The basis for federal jurisdiction.**

The waiver of sovereign immunity is granted pursuant to 28 U.S.C. § 2410.

**C8.    A statement of the nature of each cause of action and relief sought.**

DDC Limited Partnership filed this quiet title action pursuant to 28 U.S.C. § 2410 claiming that it was not a nominee, alter ego or transferee of Gary Pierce.  The complaint seeks a determination that DDC Limited Partnership is not the nominee, alter ego, or transferee of Gary Pierce and quiet title to assets listed in the complaint.

**C9 - C11.** Pertain to jury cases and are, therefore, not applicable here.

Respectfully submitted,

KEVIN J. O'CONNOR
United States Attorney


For:    KAREN WOZNIAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044-0055
        Telephone: (202)307-1927
        Federal Bar No. ct20966


By:     PATRICK CARUSO
        Assistant U.S. Attorney
        P.O. Box 1824
        New Haven, CT  06510
        Telephone: (203) 821-3700
        Federal Bar No. ct17984

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT service of the foregoing United States' Section C Trial Preparation Order Compliance was made by the United States Department of Justice Tax Division this 31st day of October, 2003, upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

    Richard P. Weinstein, Esq.
    Kerry Marc Wisser, Esq.
    Weinstein & Wisser, P.C.
    29 South Main Street, Suite 207
    West Hartford, CT  06107


PATRICK CARUSO
Assistant U.S. Attorney